UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JOE QUINLAN,

                Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. C22-75 BJR-TLF

REPORT AND RECOMMENDATION

Noted for June 3, 2022

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed second amended complaint. Dkt. 1, Dkt. 9. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Because plaintiff's second amended complaint fails to state a claim, IFP should be denied. Under *O'Neal v. Price*, 531 F.3d 1146, 1151-1156 (9th Cir. 2008), the second amended complaint should be dismissed without prejudice.

BACKGROUND

Plaintiff has filed three proposed complaints. Dkt. 1-1, Dkt. 7, Dkt. 9. In each proposed complaint, Plaintiff has identified different and improper defendants and insufficient claims. In the instant complaint, Plaintiff names the Washington State Department of Corrections Secretary, Cheryl Strange, and the Director of the King

REPORT AND RECOMMENDATION - 1

County Correctional Facility, John Diaz, as defendants. Dkt. 9 at 3. Plaintiff alleges that Ms. Strange was "deliberately indifferent" to his safety and health because he was infected with COVID-19 and since then, he has continued to be exposed to the virus within the Washington State Department of Corrections. Thus, he alleges that Ms. Strange violated his Eighth Amendment rights. *Id.* at 4-5.

In Count II, Plaintiff alleges that Mr. Diaz violated his rights under the American with Disabilities Act (ADA) because since October 23, 2020, Plaintiff has been in his cell for several hours a day at a time and he suffers from PTSD. *Id.* at 6. Mr. Diaz was allegedly informed. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

   (3) A demand for relief sought which may include relief in the alternative or different types of relief.

  While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id*. (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

  When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of [their] complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

. Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, Plaintiff's complaint asserts that his rights have been violated, without explaining what either defendant allegedly did or failed to do that is related to those violations. He also failed to present facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a claim under Section 1983.

**Eighth Amendment – Medical Care**

With respect to Plaintiff's Eighth Amendment claim, Plaintiff alleges that because he was infected with COVID-19 and continues to be exposed to the virus, Ms. Strange has failed to provide adequate care.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's

medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

The two-prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in a further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting McGuckin v. Smith,* at 1059. Serious medical need may be indicated if, for example, the plaintiff shows the existence of an injury that a reasonable doctor or patient would find to be important and worthy of comment or treatment; a medical condition that would significantly affect an individual's daily activities; or a condition that creates chronic and substantial pain. *Colwell v. Bannister,* 763 F.3d 1060, 1066-1067 (9th Cir. 2014). Deliberate indifference is shown by a "purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett v. Penner,* at 1096, *quoting McGuckin v. Smith,* at 1060. The defendants must have known of, but disregarded, an excessive risk to the plaintiff's health. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Plaintiff has failed to allege facts supporting deliberate indifference. He does not allege a failure to treat. He seems to be alleging that the conditions of confinement, as opposed to his specific medical treatment (or lack of treatment), constitutes an Eighth Amendment violation. *See generally, Roman v. Wolf,* 977 F.3d 935, 942-946 (9th Cir. 2020) (affirming in part and vacating in part the District Court's decision granting preliminary injunctive relief to a class of civil detainees in an immigration detention

facility, where the defendant's COVID-19 protocols were allegedly causing conditions of confinement that violated the Fifth Amendment, contributing to a health crisis). Yet, unlike *Roman v. Wolf,* -- where the plaintiffs alleged specific practices, policies, and protocols, as well as facts to support causation, and asserted specific harm relating to the policies, practices, and protocols that would, if proved, potentially be a violation of their rights under the Fifth Amendment -- in this case plaintiff states only that he was infected with the COVID-19 virus and is still exposed to the virus by virtue of being "housed in the same unit with people with covid 19 and not vaccinated.". Dkt. 9 at 5. Construing the proposed amended complaint liberally, plaintiff may have been able to allege a serious medical need if he had documented the specifics of his COVID-19 symptoms, but he has failed to allege sufficient facts to make even a colorable allegation of deliberate indifference.

**Americans with Disabilities Act**

Plaintiff alleges that Mr. Diaz, in his official capacity, violated his rights under the American with Disabilities Act because Plaintiff is confined to his cell for long durations each day. He alleges that he suffers from PTSD.

Title II of the Americans with Disabilities Act (ADA) applies to inmates within state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998).

To prove a violation of Title II of the ADA, a plaintiff must show:

(1) [H]e is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

1  *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001), citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997).

Here, although plaintiff alleges that he suffers from post traumatic stress disorder, he fails to demonstrate that he meets the criteria of the ADA to be a "qualified individual with a disability," nor does he allege facts that would show how he was denied the benefits of the DOC institution or otherwise discriminated against. He also fails to allege facts to support a claim that the alleged discrimination was by reason of his disability. If Plaintiff is challenging the defendant's decision-making regarding medical care for his PTSD, the ADA does not provide a cause of action for challenges to a prisoner's medical care. *Simmons v. Navajo Co., Arizona,* 609 F.3d 1011, 1022 (9th Cir. 2010).

Plaintiff's allegations are conclusory. Thus, plaintiff's complaint fails to state a claim under Section 1983, and any attempt to amend the complaint would be futile. Therefore, the Court should deny his motion to proceed *in forma pauperis.*

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny IFP because the complaint fails to state a claim for relief, and amendment would be futile. A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988). Under *O'Neal v. Price,* 531 F.3d 1146, 1151-1156 (9th Cir. 2008), the second amended complaint should be dismissed without prejudice. Further, because Plaintiff's

complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," this dismissal should count as a strike under 28 U.S.C. § 1915(g).

The Clerk is directed to set this matter for consideration on **June 3, 2022**, as noted in the caption.

Dated this 17th day of May, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge